STATE OF NORTH CAROLINA v. SYLVESTER GREEN

No. 755SC926 ·

(Filed 7 April 1976)

**Criminal Law § 169— admission of evidence over objection — no objection to like testimony — harmless error**

Defendant was not prejudiced by testimony over objection that an accomplice who was tried separately from defendant had "confessed" where an officer thereafter testified without objection that the accomplice's confession was in the form of agreeing with incriminating statements made in his presence by another accomplice.

APPEAL by defendant from *Cowper, Judge.* Judgments entered 13 June 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 March 1976.

By indictments proper in form, defendant was charged with (1) larceny of a 1973 Chevy truck, (2) safecracking, (3) breaking or entering a building occupied by B. F. Goodrich Company, and (4) larceny of personal property of the value of $4,019.90 pursuant to the breaking or entering. He pled not guilty to all charges.

Evidence presented by the State, in pertinent part, tended to show: On Saturday night, 30 November 1974, defendant, together with Gonzales Jones and Kenneth Aaron, broke into a Goodrich Store in Wilmington, cracked a safe and took money from it, loaded a quantity of merchandise on a truck and drove it away. When that truck developed mechanical difficulty, they returned to the store and got another truck. Defendant drove

the second truck while Jones and Aaron followed in Aaron's Dodge automobile. Police stopped the car and arrested Jones and Aaron. On the following day, Jones confessed, implicating defendant and Aaron. At the trial in which defendant took the stand, Jones testified as a witness for the State. The jury returned verdicts finding defendant guilty of the four charges stated above. From judgments imposing prison sentences, he appealed.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*Lionel L. Yow for defendant appellant.*

BRITT, Judge.

By the sole assignment of error argued in his brief, defendant contends the trial court erred in allowing Police Officer Henderson, over objection, to state that he obtained a confession from Kenneth Aaron.

It will be noted that defendant was tried separately from Jones and Aaron. On direct examination Officer Henderson, without objection, related statements made to him by Jones which implicated defendant in all four cases. On redirect examination, Henderson, over defendant's objection, stated that he obtained a confession from Aaron but did not relate at that time what Aaron had told him. When the State did not present Aaron as a witness, defendant called him and at that time he denied making any confession. As a rebuttal witness for the State, Henderson, without objection, testified to the effect that Aaron's confession was in the form of agreeing with incriminating statements made in his presence by Jones. The police did not get a signed statement from Aaron.

There are many reasons why the assignment has no merit but we will discuss only one. It is well settled that ordinarily the admission of testimony over objection is harmless when testimony of the same import is theretofore or thereafter admitted without objection. 3 Strong, N. C. Index 2d, Criminal Law § 169 and cases therein cited. When he was called as a rebuttal witness, Officer Henderson testified, without objection, that while Jones was making his statements with respect to the offenses, police would periodically stop Jones, ask Aaron if the statement was correct, and Aaron would answer in the affirmative. In view of this testimony, we can perceive no possible way

that defendant was prejudiced by the bare statements of Officer Henderson that Aaron "confessed."

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.